NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGPING XUE, | No. 23-2086 |
| Petitioner, | Agency No. A215-923-967 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Hongping Xue, a native and citizen of China, petitions for review of the

order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the

decision of an immigration judge ("IJ") denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand.

"Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (internal citation omitted). We review for substantial evidence the agency's credibility determinations. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021).

Substantial evidence supports the agency's adverse credibility determination. As an adolescent and young adult, Xue's parents paid a travel agency to prepare several visa applications on Xue's behalf. When the IJ asked about the veracity of the information contained in those applications, Xue first testified that only the first visa application contained false information. After being confronted with inconsistencies in subsequent visa applications, he admitted that all his applications contained false information. This inconsistency was a "valid and specific" reason for the agency's adverse credibility determination. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022). Xue's false visa applications were made before his alleged persecution in China, and his false testimony was made after his entry to the United States; neither falls within the category of false statements made to escape persecution. *See Singh v. Holder*, 638 F.3d 1264, 1271–72 (9th Cir. 2011).

Despite an adverse credibility determination, we may remand where the

agency "failed to consider probative evidence in the record." *Guan v. Barr*, 925 F.3d 1022, 1034 (9th Cir. 2019). The agency discounted all of Xue's documentary evidence on the ground that, because Xue's family had previously procured falsified documents to gain entry to the United States, they might have done so again. But the agency articulated no specific connection between Xue's past visa applications—prepared primarily by a travel agency, starting when he was twelve years old—and several pieces of "independent corroborating evidence" that Xue submitted in support of his claim of religious persecution. *Garcia v. Holder*, 749 F.3d 785, 792 (9th Cir. 2014). These included two notices from a villagers committee indicating that Xue had been placed under house arrest for "participating in [an] illegal cult organization"; documentation of a government fine for the same activity; and a hospital diagnosis certificate showing injuries consistent with his alleged beating by the police.

The agency was under an obligation to assess whether these pieces of evidence could either "rehabilitate [Xue's] testimony" or "support [his] claim[s] independently." *Id.* at 791. The agency abused its discretion in failing to do so. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). We therefore grant the petition and remand for further proceedings consistent with this opinion.

**PETITION GRANTED and REMANDED.**